## PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:            (917) 273-2693
nboxer@pkbllp.com

June 16, 2023

**By CM/ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Sean S. Newman, as the Administrator of the Estate of Michael J. Newman and Dolores D. Newman v. Andrew Cuomo,* **et al.**

             No. 2:23-CV-02391 (LDH) (ARL)

Dear Judge DeArcy Hall:

      Pursuant to Sections III.A.1. of this Court's Individual Rules, and on behalf of our client, Defendant Dr. Howard A. Zucker, the former Commissioner of the New York State Department of Health ("DOH"), we respectfully request a pre-motion conference in anticipation of making a motion to dismiss Plaintiff's Complaint (the "Complaint") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

      Plaintiff alleged that he is the administrator of the estates of Michael J. Newman and Dolores D. Newman, two former residents of the Grandell Rehabilitation and Nursing Center and the Long Island Living Center, respectively, who passed away on March 29, 2020, and April 10, 2020, respectively. Plaintiff has alleged claims against former New York Governor Andrew Cuomo, Melissa DeRosa, Dr. Zucker, Greater New York Hospital Association, Kenneth Raske, Northwell Health, Inc., and Michael Dowling asserting purported "class" claims under 42 U.S.C. § 1983 and the Due Process Clause of the U.S. Constitution. The Complaint names Dr. Zucker as a Defendant but does not identify any specific connection between him and the claims at issue beyond his former statewide role as the Commissioner of DOH. (*See* Compl. ¶ 10.) For the reasons set forth below, Plaintiff has not stated any valid claim against Dr. Zucker.

      *First*, Plaintiff's § 1983 claim against Dr. Zucker in his individual capacity fails because qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). Qualified immunity, which is intended to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from

June 16, 2023
Page 2

harassment, distraction, and liability when they perform their duties reasonably[,]" *id.*, "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Panzella v. Cnty. of Nassau*, No. 13-CV-5640 (JMA) (SIL), 2015 WL 5607750, at *8 (E.D.N.Y. Aug. 26, 2015) (citing *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). Here, Plaintiff's allegations against Dr. Zucker concern March 25, 2020, and April 7, 2020, directives issued by Governor Cuomo (collectively, "the Directives"), allegedly "on the advice, cooperation, and endorsement of" Dr. Zucker. (Compl. ¶ 57.) In relevant part, the March 25, 2020, Directive prohibited nursing homes from denying admission or re-admission of their residents "solely based on a confirmed or suspected diagnosis of COVID-19" and on April 7, 2020, an identical directive was issued for assisted living facilities. (*Id.* at 4.)

Among other deficiencies, Plaintiff has not plausibly alleged that issuance of the Directives constituted conduct violative of clearly established statutory or constitutional rights of which a reasonable person would have known – in other words, that "any reasonable official would have known *for certain* that [Dr. Zucker's] conduct," as alleged, "was unlawful under then-existing precedent." *Liberian Cmty. Ass'n of Connecticut v. Lamont*, 970 F.3d 174, 187 (2d Cir. 2020) (emphasis added) (citing *Ziglar v. Abbasi*, ⎯⎯ U.S. ⎯⎯, 137 S. Ct. 1843, 1867 (2017)).

A recent precedent in the Eastern District of New York further supports dismissal of Plaintiff's Complaint because of qualified immunity. On March 4, 2021, plaintiff Mary Mauro filed a complaint in the Eastern District of New York on behalf of herself and her deceased husband against Andrew Cuomo, Dr. Zucker, Fred Sganga, The Long Island State Veterans Home, and State University of New York. (*See* No. 2:21-CV-1165 (HG) (ARL), Compl., ECF No. 1.) In that case, the plaintiffs alleged that Dr. Zucker was part of a group of defendants who prevented Mrs. Mauro from visiting her husband in a nursing home during the COVID-19 pandemic. (*See id.* ¶¶ 2, 28–50.) As in the instant case, plaintiffs in *Mauro* alleged their causes of action under 42 U.S.C. § 1983. (*See id.*) On March 8, 2023, the Hon. Hector Gonzalez granted defendants' motions to dismiss, finding that qualified immunity protected Dr. Zucker from any claims against him in his individual capacity, because plaintiffs did not sufficiently plead a violation of their federal rights. *Mauro v. Cuomo*, No. 2:21-CV-1165 (HG) (ARL), 2023 WL 2403482, at *2–5 (E.D.N.Y. Mar. 8, 2023). A similar result should occur here.

The court further held that plaintiffs "failed to establish that a reasonable state official confronted with the facts then known by the Defendants would have believed that their actions were unlawful." *Id.* at *7. It found that "'[w]hen [State] officials undertake to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad,'" *id.* at *6 (quoting *South Bay United Pentecostal Church v. Newsome*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring in the judgment)), and in order to protect that latitude, "federal courts around the country have granted state officials qualified immunity at the motion to dismiss stage for restrictions implemented during the COVID-19 pandemic on account of the public health crisis, and the ongoing and changing circumstances." *Id.* (citing six federal cases). With respect to the allegations in the instant Complaint, the facts and circumstances Dr. Zucker faced were the same as in *Mauro* -- "evolving and dynamic circumstances" created by the COVID-19 pandemic. Plaintiff here has not shown that a reasonable state official with the same facts known by Dr.

June 16, 2023
Page 3

Zucker would have believed that her or his actions were unlawful. *See id.* at *7. Additionally, while the Complaint alleges that Dr. Zucker "appeared frequently in the media as the ultimate expert on the status of the pandemic in the State of New York" (Compl. ¶ 10), it does not plead a connection between that allegation and the alleged claims.

*Second*, Plaintiff fails to plausibly allege any causal connection between Dr. Zucker, the Directives, and the deaths at issue. The Complaint fails to allege *any* interaction between Dr. Zucker and *any* staff member or resident at the facilities at issue. Plaintiff's attempt to connect the Directives to the deaths at issue is "too attenuated to be a plausible basis for showing [Dr. Zucker]'s personal involvement" in the alleged claims, *see Marom v. City of New York*, No. 15-CV-2017 (PKC), 2016 WL 916424, at *17 (S.D.N.Y. Mar. 7, 2016) (finding that plaintiffs' attempts to connect an NYPD "mass arrest" policy to two specific false arrests were "too attenuated" to show personal involvement of the Chief of the NYPD to make out a Section 1983 claim against him), and they do not allege that a constitutional deprivation was a "foreseeable consequence" of the Directives, as required to state a § 1983 claim. *See id.* at *16. Plaintiff also cannot rely solely on Dr. Zucker's position as the Commissioner of DOH, as "[a]n individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority." *Licari v. Toulon*, No. 22-CV-0148 (JMA) (SIL), 2022 WL 493210, at *3 (E.D.N.Y. Feb. 17, 2022) (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004)) (cleaned up).

*Third*, Plaintiff's § 1983 claims should also be barred pursuant to the Public Readiness and Emergency Preparedness Act of 2005, 42 U.S.C. §§ 247d-6d, 247d-6e.

Accordingly, Dr. Zucker respectfully requests a pre-motion conference in anticipation of making a motion to dismiss the Complaint.

                                                                       Respectfully submitted,

                                                                       /s/ Nelson A. Boxer
                                                                       Nelson A. Boxer
                                                                       Caelyn Stephens
                                                                       Deepa Devanathan